Mark Mausert
NV Bar No. 2398
729 Evans Avenue
Reno, NV 89512
(775) 786-5477
Fax (775) 786-9658
mark@markmausertlaw.com
*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF NEVADA

YONATHAN HERNANDEZ &
CUTBERTO CARRASCO-GONZALEZ,      Case No.:

      Plaintiffs,
    vs.                                                **COMPLAINT AND JURY DEMAND**

FRANCO AMERICAN BAKING COMPANY,

      Defendant.
_____/

COME NOW plaintiffs, through counsel, and hereby complain of defendant as follows:

<u>Jurisdiction, Venue & Jury Demand</u>

1. Plaintiff are Hispanic men, who were previously employed by defendant. Plaintiffs were subject to harassment based on their ethnicity/race/national origin throughout almost the entirety of their tenures with plaintiff, as well as retaliatory hostility and/or retaliation. Plaintiffs have obtained Notices of Right to Sue from the Equal Employment Opportunity Commission. Copies of those Notices of Right to Sue accompanies this Complaint and Jury Demand and are incorporated herein. This Complaint and Jury Demand is timely filed in accord therewith. Plaintiffs hereby request a jury trial re those issues so triable. Accompanying this Complaint and Jury Demand are a number of Exhibits, e.g., the Declaration of Pablo Segoviano, along with an Exhibit which accompanies that Declaration, and the

Notices of Right to Sue.  These Exhibits are incorporated into this Complaint and Jury Demand.

2.  Defendant Franco American Baking Company is a corporation, limited partnership, limited liability company, partnership, or some other legal entity which previously employed plaintiffs in northern Nevada.  At all times herein mentioned defendant had at least fifteen employees working at least twenty weeks per year.

3.  This Court has subject matter jurisdiction over this case per 28 U.S.C. 1343.  The Court has subject matter jurisdiction because plaintiffs are Hispanic men who are alleging they were subject to a hostile work environment because of their ethnicity/national origin/race (hereinafter "race" or "racial" ) in violation of 42 U.S.C. 2000e, et seq.

4.  This Court has venue re this action pursuant to 42 U.S.C. 2000e-5(f)(3) because all, or almost all of the actions, statements and omissions which form the basis for this lawsuit occurred in northern Nevada, i.e., in the geographical area of this judicial District.

First Cause of Action

(Ethnic/National Origin/Racially  Hostile Work Environment)

5.  Plaintiffs hereby incorporate the allegations of paragraphs 1 through 4, inclusive, as well as all other paragraphs herein, as though the same had been fully stated.

6.  Plaintiff Carrasco-Gonzalez commenced working for defendant in 1988 and remains employed.  Plaintiff Carrasco-Gonzalez works in a non-managerial capacity and performs various tasks.  Throughout his employment plaintiff has been subject to various vile insults, based on his race.  Some of the racial harassment plaintiff has been subject to includes, but is not limited to: hearing himself and other Hispanics referred to as "stupid wetbacks"; hearing various disparaging racial remarks, such as "my dog is smarter than these stupid Mexicans"; being called names such as "ugly Mexican son-of-a-bitch"; viewing racially offensive materials, which the defendant left posted, in a prominent position for an extended period, e.g., the handwritten posting which accompanies this Complaint and Jury Demand and reads:

""Trump Law"  If you piss on the toilet seat, you will be deported, back to the shithole you came from.  Federal Sanctions".  One of the owners of defendant posted this racially offensive document.  When plaintiff Carrasco-Gonzalez complained to owner Jake Gaunt, of the racially offensive statements and/or actions,  he was subjected to retaliatory hostility, e.g., he was called a "crybaby" and his work was subject to excessive scrutiny. Racial terms such as "nigga" were bantered about in the workplace, including by the owners.  Additionally, because plaintiff is Hispanic, he is paid less, i.e., notwithstanding his lengthy tenure, plaintiff is paid $17.00 per hour.  Some of the racial harassment has been perpetrated by the owner's son, Brian Gaunt, as well as by the owner himself, Jake Gaunt..  Much of the harassment has been perpetrated openly, i.e., offensive racial statements have been made by the owner and his son.  The racial harassment has occurred over a lengthy period, with great frequency (sometimes on a daily basis) and is very offensive to both plaintiffs.  Both plaintiffs have been subject to an actionable, racially offensive work environment.

    7. At no time has defendant make a good faith attempt to remedy the racial harassment which the owner and his son, and others have engaged – notwithstanding the fact they are aware of their own actions and statements, the actions and statements of others, and of the fact plaintiffs, and other employees, have been offended by such.

    8. Plaintiff Hernandez was subject to the same harassment described by plaintiff Carrasco-Gonzalez.  In addition, plaintiff Hernandez was singled out for harassment by the owners, who called him a "stupid Mexican; "stupid monkey"; "moron"; "idiot"; "dumb dick:; dumb motherfucker"; "illiterate motherfucker"; "pussy"; and various other names.  Both plaintiffs were aware the owners treated Hispanic employees with an extraordinary level of disrespect and contempt.  American-born White people were not treated in a similar manner by the owners of defendant.  Plaintiff Carrasco-Gonzalez was aware of the manner in which Mr. Hernandez was treated and vice-versa.  Both were aware of the contemptuous manner in which the owners treated other Hispanics.

9. Plaintiff Hernandez, as did other employees, made numerous complaints about racial hostility to the owners, however, nothing meaningful was ever done by the owners to redress the rampant racial hostility.

10. Any diminution and/or deficiency in plaintiffs' work performance was directly and proximately caused by the rampant racial hostility defendant allowed to exist in its work environment and defendant is therefore estopped by relying on such as a basis for justifying the termination of plaintiffs' employment, or any other action taken against either plaintiff. Furthermore, the owners of defendant routinely force Hispanic employees to work harder than other employees and subject their work performance to stricter scrutiny. The apparently facially neutral harassment, e.g., being called derisive terms such as "idiot", in fact sounds in racial hostility, e.g., these terms are mostly reserved by the owners for Hispanics.

11. As a direct and proximate result of being subject to racial harassment, and a racially hostile work environment, both plaintiff suffered emotional distress, loss of enjoyment of life, and feelings such as anger, depression and despair. It has been necessary for plaintiffs to incur costs and retain counsel in order for them to redress the violation of their federally protected right to a workplace free of racial hostility, as well as retaliation and discrimination.

## Second Cause of Action

(Retaliation/Racial Discrimination)

12. Plaintiffs hereby incorporates the allegations of paragraphs 1 through 11, inclusive, as though the same were fully stated herein. Only plaintiff Hernandez is bringing this cause of action.

13. Plaintiff Hernandez's employment was terminated in response to his complaints of racial harassment and/or his general opposition to racial harassment, e.g., his attitude in response thereto, and/or because he is Hispanic. Alternatively, if in fact, defendant did terminate plaintiff Hernandez's employment because of poor work performance, that work performance was caused, in whole or in material part, by the relentless racial hostility, alleged

above. Defendant is therefore estopped from relying on work performance as a basis to justify termination, and to escape from liability for the termination. That is, the termination is the direct and proximate result of unlawful racial hostility and therefore should be regarded as a form of racial discrimination.

14. If defendant contends plaintiff Hernandez's employment was terminated via a misunderstanding, or that in fact plaintiff Hernandez resigned, that departure should be regarded a constructive/wrongful termination, i.e., defendant made plaintiff's work environment so intolerable via racial hostility, plaintiff was constructively and wrongfully discharged.

15. As a direct and proximate result of being subject to retaliation, plaintiff Hernandez has been injured and damaged as described herein. Further, plaintiff has suffered economic damage. It has been necessary for plaintiff to incur costs and hire counsel in order to attempt to vindicate his federally protected right to be free of retaliation.

### Third Cause of Action

(Racial Discrimination)

16. Plaintiffs incorporate the allegations of paragraphs 1 through 15, inclusive, as though the same were fully stated herein. Only plaintiff Carrasco-Gonzalez is bringing this cause of action.

17. Defendant paid plaintiff less than White employees, i.e., non-Hispanic employees, who were possessed of considerably less seniority, experience and expertise than plaintiff. Defendant did so based primarily on plaintiff's race.

18. As a direct and proximate result, plaintiff Carrasco-Gonzalez was injured and damaged as described herein. Further, plaintiff Carrasco-Gonzalez sustained, and continues to sustain, economic injuries, i.e., lost pay and benefits.

WHEREFORE, plaintiffs request the following relief:

1. For awards of compensatory damages;

2. For awards of punitive damages sufficient to punish and deter defendant from engaging in similar conduct;

3. For awards of special or actual economic damages, according to proof;

4. For an award of costs and a reasonable attorney's fee; and

5. For injunctive relief to compel defendant Franco American Baking Company to adopt and actually enforce a reasonable policy against racial harassment and/or retaliation, and for whatever other relief the Court or jury may deem just.

DATED this 10th day of November, 2020

      /s/ Mark Mausert
Mark Mausert
NV Bar No. 2398
729 Evans Avenue
Reno, NV 89512
TELEPHONE:(775) 786-5477
FACSIMILE: (775) 786-9658
*Attorney for Plaintiff*s

## INDEX OF EXHIBITS

Yonathan Hernandez Notice of Right to Sue. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit 1

Cutberto Carrasco-Gonzalez Notice of Right to Sue. . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit 2

Pablo Segoviano declaration. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit 3

"Trump Law" posting. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit 4