Kenneth Creighton, Esq.
Nevada State Bar No. 2828
Patrick H. Gallagher, Esq.
Nevada State Bar No. 14875
GUILD, GALLAGHER & FULLER, LTD.
100 W. Liberty St., Ste. 800
P.O. Box 2838
Reno, NV 89505
Tele: (775) 786-2366
Fax:  (775) 322-9105
kcreighton@ggfltd.com
pgallagher@ggfltd.com

*Attorneys for Defendant*
*Franco American Baking Company*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| YONATHAN HERNANDEZ & CUTBERTO CARRASCO-GONZALEZ,<br><br>Plaintiffs,<br><br>v.<br><br>FRANCO AMERICAN BAKING COMPANY,<br><br>Defendant. | Case No. 3:20-cv-00628-LRH-WGC<br><br>DEFENDANT FRANCO AMERICAN BAKING COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND |

COMES NOW, Defendant FRANCO AMERICAN BAKING COMPANY (hereinafter "Franco"), by and through its counsel of record Ken Creighton, Esq. of Guild, Gallagher & Fuller, Ltd., and answers the *First Amended Complaint and Jury Demand* (hereinafter "Complaint") filed by Plaintiffs YONATHAN HERNANDEZ & CUTBERTO CARRASCO-GONZALEZ (hereinafter "Plaintiffs"), with reservation of right to move to strike the Declaration of Pablo Segoviano, attached as Exhibit 3 to the Complaint, as follows:

### JURISDICTION, VENUE AND JURY DEMAND

1. Franco admits that Plaintiff Yonathan Hernandez was previously employed by the company and denies that Plaintiff Cutberto Carrasco-Gonzalez was previously employed by the Company. Defendant Franco denies that Plaintiffs were subject to harassment based on their ethnicity/race/national origin throughout almost the entirety of their tenures with Franco, as well

1

retaliatory hostility and/or retaliation. Defendant Franco is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 1 of the Complaint.

2. Franco admits that it is a corporation. Franco is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 2 of the Complaint.

3. Franco is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Franco is without sufficient knowledge or information to form a believe as to the truth of the allegations set forth in paragraph 4 of the Complaint.

## FIRST CAUSE OF ACTION

(Ethnic/National Origin/Racially Hostile Work Environment)

5. Franco is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint, and therefore denies the same.

6. Franco admits that Plaintiff Carrasco-Gonzalez began working for Franco in 1988 and remains employed by Franco. Franco admits that Plaintiff Carrasco-Gonzalez works in a non-managerial capacity. Franco denies the remaining allegations contained with Paragraph 6 of the Complaint.

7. Franco denies the allegations set forth in Paragraph 7 of the Complaint.

8. Franco denies the allegations contained in Paragraph 8 of the Complaint.

9. Franco denies the allegations contained in Paragraph 9 of the Complaint.

10. Franco denies the allegations contained in Paragraph 10 of the Complaint.

11. Franco denies the allegations contained in Paragraph 11 of the Complaint.

Franco in defending this claim has been required to retain the services of Guild, Gallagher & Fuller, Ltd., attorneys and counselors at law and is entitled to recover its attorney's fees and costs in relation thereto.

// // //

// // //

## SECOND CAUSE OF ACTION

### (Retaliation/Racial Discrimination)

12. Franco is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint, and therefore denies the same.

13. Franco denies the allegations contained in Paragraph 13 of the Complaint.

14. Franco denies the allegations containing in Paragraph 14 of the Complaint.

Franco in defending this claim has been required to retain the services of Guild, Gallagher & Fuller, Ltd., attorneys and counselors at law and is entitled to recover its attorney's fees and costs in relation thereto.

## THIRD CAUSE OF ACTION

### (Racial Discrimination)

15. Franco is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint, and therefore denies the same.

16. Franco denies the allegations contained in Paragraph 16 of the Complaint.

17. Franco denies the allegations contained in Paragraph 17 of the Complaint.

Franco in defending this claim has been required to retain the services of Guild, Gallagher & Fuller, Ltd., attorneys and counselors at law and is entitled to recover its attorney's fees and costs in relation thereto.

## AFFIRMATIVE DEFENSES

Franco alleges that Plaintiffs' Complaint, and each claim for relief asserted therein, is barred by the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Franco is informed and believes, and on that basis alleges, that Plaintiffs' Complaint, and each claim for relief asserted therein, fails to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Franco is informed and believes, and on that basis alleges, that Plaintiffs' Complaint, and each claim for relief asserted therein, is barred by the doctrine of estoppel.

// // //

### THIRD AFFIRMATIVE DEFENSE

Franco is informed and believes, and on that basis alleges, that Plaintiffs' Complaint, and each claim for relief asserted therein, is barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Franco is informed and believes, and on that basis alleges, that Plaintiffs' Complaint, and each claim for relief asserted therein, is barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Franco is informed and believes, and on that basis alleges, that Plaintiffs' Complaint, and each claim for relief asserted therein, is barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Franco is informed and believes, and on that basis alleges, that Plaintiffs' Complaint, and each claim for relief asserted therein, is precluded where the damages complained of by Plaintiffs were not legally, factually, or proximately caused by FRANCO.

### SEVENTH AFFIRMATIVE DEFENSE

Franco is informed and believes, and on that basis alleges, that Plaintiffs have failed to mitigate their damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

Franco is informed and believes, and on that basis alleges, that Plaintiffs' Complaint, and each claim for relief asserted therein, is precluded because Plaintiffs have sustained no damages.

### NINTH AFFIRMATIVE DEFENSE

Franco is informed and believes, and on that basis alleges, that at all times relevant herein, all alleged acts of Franco were in good faith and do not constitute fraud, oppression, malice, or any other conduct for which punitive and/or exemplary damages could be awarded.

### TENTH AFFIRMATIVE DEFENSE

Franco is informed and believes, and on that basis alleges, that the alleged act(s) of Franco's employee(s), if any, were not of a sufficient nature to create an objectionably hostile work environment and did not amount to a pervasive harassment, thereby barring Plaintiffs' claims.

// // //

### ELEVENTH AFFIRMATIVE DEFENSE

Franco hereby incorporates by reference those affirmative defenses enumerated in Rule 8(c) of the *Federal Rules of Civil Procedure* as if fully set forth herein.

### TWELFTH AFFIRMATIVE DEFENSE

Franco will rely upon all defenses that become available as a result of information developed through discovery or at trial.

### **PRAYER**

WHEREFORE, Franco prays for relief as follows:

1. That the Complaint be dismissed with prejudice and Plaintiffs take nothing hereby;

2. That Franco be awarded reasonable attorney's fees and costs in the prosecution and defense of this matter; and

3. For such other and further relief as the Court deems just and proper.

DATED this 10th day of December, 2020.

GUILD, GALLAGHER & FULLER, LTD.

By: _____
Ken Creighton, Esq.
Nevada State Bar No. 2828
Patrick H. Gallagher, Esq.
Nevada State Bar No. 14875
100 West Liberty Street, Suite 800
P.O. Box 2838
Reno, Nevada 89505

*Attorneys for Defendant Franco American Baking Company*

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of GUILD, GALLAGHER & FULLER, LTD., and that on this date a true and correct copy of the foregoing ANSWER TO COMPLAINT was delivered to the following individual(s) in the manner(s) indicated:

\_\_\_\_ **VIA HAND DELIVER TO THE FOLLOWING ADDRESS(ES):**

\_X\_\_ **VIA NOTICE OF ELECTRONIC FILING USING THE COURT'S EFILING SYSTEM TO THE FOLLOWING EMAIL ADDRESS(ES):**

Mark Mausert, Esq.
LAW OFFICE OF MARK MAUSERT
729 Evans Avenue
Reno, NV 89512
mark@markmausertlaw.com
*Attorneys for Plaintiffs*

\_\_\_\_ **VIA FIRST CLASS U.S. MAIL, POSTAGE PREPAID TO THE FOLLOWING ADDRESS(ES):**

DATED this 10th day of December, 2020.

/s/ Christine L. MIller
Christine L. Miller