UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| YONATHAN HERNANDEZ, CUTBERTO CARRASCO-GONZALEZ,<br><br>Plaintiffs,<br><br>v.<br><br>FRANCO AMERICAN BAKING COMPANY,<br><br>Defendant. | Case No. 3:20-cv-00628-LRH-WGC<br><br>ORDER |

Before the Court is the Report and Recommendation ("R&R") of U.S. Magistrate Judge William G. Cobb (ECF No. 49), recommending granting defendant Franco American Baking Company's ("Franco American") motion for sanctions (ECF No. 38) and dismissing plaintiff Cutberto Carrasco-Gonzalez's ("Carrasco-Gonzalez") claims with prejudice. Judge Cobb also recommends that, to the extent Franco American also request fees and costs as a sanction, that request should be denied.

Carrasco-Gonzalez filed objections to Judge Cobb's R&R (ECF No. 50), to which Franco American opposed (ECF No. 51). For the reasons articulated in this Order, the Court will overrule the objections, and adopt and accept the R&R. Accordingly, the motion for sanctions (ECF No. 38) is granted and Carrasco-Gonzalez's claims are dismissed with prejudice. The Court will also deny Franco American's requests for fees and costs as a sanction.

///

///

1

I. BACKGROUND

Franco American is a bakery located in Sparks, Nevada. ECF No. 51 at 4. It produces bread products and markets them to restaurants and grocery chains throughout northern Nevada and Lake Tahoe. *Id.* Carrasco-Gonzalez has worked for Franco American for approximately 35 years in the bakery. *Id.*

Carrasco-Gonzalez, along with plaintiff Yonathan Hernandez ("Hernandez"), allege that that they were subject to harassment, discrimination and retaliation based on their ethnicity/race/national origin while employed for Franco American. ECF No. 14 (second amended complaint). Between September 1, 2020 and March 13, 2021, plaintiffs obtained five declarations of former employees—Mario Sanchez, Luis Ruelas, Juan Carlos Hinojosa Garcia, Pablo Segviano, and Ramon Valencia (the "former employees")—that supported their allegations. *Id.*

Relevant to this Order, Franco American, in its motion for sanctions, accuses Carrasco-Gonzalez of witness tampering by offering current Franco American employees money in exchange for favorable testimony supporting his discrimination allegations. *Id.* at 5. Specifically, Franco American's witnesses—Ubaldo Gomez Franco, Guadalupe Sanchez Alameda, and Manuel Tabares (the "current employees")—all declare that Carrasco-Gonzalez approached and asked them if they would support his case against Franco American, via declaration testimony, in exchange for money. *Id.* Franco American manager Art Silva took this information to Tim Gant ("Gant"), the president and one of the owners of Franco American. ECF Nos. 38-1, 41-1, 41-4. Gant then met with the current employees and confirmed their allegations. *Id.* Using a translation app, Gant prepared declarations in Spanish and in English for the current employees to review and sign. *Id.* The current employees subsequently confirmed their allegations via the signed declarations. Another current employee, Manuel Carias ("Carias"), also signed a declaration alleging that Carrasco-Gonzalez offered him money in exchange for favorable testimony, but he later renounced his declaration. ECF No. 40-1.

Following some preliminary motion practice, Judge Cobb ordered Franco American's counsel to provide signed declarations of the current employees to Carrasco-Gonzalez's counsel and allowed the parties to undertake discovery related to the issue of witness tampering by

2

deposing the current employees after they were identified by Franco American. ECF No. 49 at 2. Judge Cobb also allowed Carrasco-Gonzalez to be deposed, as well as other declarants identified by Carrasco-Gonzalez who say nothing was offered in exchange for their testimony. *Id.*

Franco American then filed a renewed motion for sanctions and requested dismissal of Carrasco-Gonzalez's claims and an award of attorney's fees and costs in defending this action. Judge Cobb held an evidentiary hearing on August 31, 2021 and heard testimony from the current employees as well as Art Silva and Gant. Judge Cobb also considered arguments from counsel.

Now, Judge Cobb recommends granting defendant Franco American's motion for sanctions and dismissing Carrasco-Gonzalez's claims with prejudice. Judge Cobb also recommends that, to the extent Franco American also request fees and costs as a sanction, that request should be denied. Carrasco-Gonzalez's objections to Judge Cobb's recommendations are the subject of this Order

## II.   LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 3-2. 28 U.S.C. § 636(b)(1)(B); LR IB 3–2. Upon the filing of such objections, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(c); LR IB 3–2(b).[1] The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Id.*

However, the district court need not conduct a hearing to satisfy the statutory requirement that the district court make a "*de novo* determination." *United States v. Raddatz*, 447 U.S. 667, 674 (1980) (observing that there is "nothing in the legislative history of the statute to support the contention that the judge is required to rehear the contested testimony in order to carry out the statutory command to make the required 'determination'").

///

---

[1] Franco American—citing out-of-circuit cases—argues that this Court should review for clear error as opposed to *de novo* because Carrasco-Gonzalez is merely reiterating his opposition to the motion for sanctions in his objections. The Court, in its discretion, finds these arguments unpersuasive and will review the objections *de novo* as Carrasco-Gonzalez timely made his objections despite any alleged redundancy.

## III. DISCUSSION

The Court limits its analysis to a *de novo* review of the portions of Judge Cobb's report to which objections were made. Carrasco-Gonzalez specifically objects to (1) Judge Cobb's use of the preponderance of the evidence standard in evaluating a motion for sanctions; (2) Judge Cobb's conclusion that the current employees' declarations were credible; and (3) Judge Cobb's conclusion that Carrasco-Gonzalez offered money to the current employees in exchange for favorable testimony. ECF No. 50.

These objections, coupled with Franco American's responses, are addressed in turn.[2]

### A. Evidentiary Standard

Before addressing the substance of Carrasco-Gonzalez's first objection, Franco American argues that Carrasco-Gonzalez failed to preserve the evidentiary standard issue by raising it for the first time in his objections to Judge Cobb's report and recommendation. ECF No. 51 at 11–12. Citing *Thomas v. Arn*, Franco American maintains that Carrasco-Gonzalez is not entitled to this Court's review of a legal argument not previously raised before a magistrate's report and recommendation. 474 U.S. 140 (1985). In *Thomas*, the Supreme Court held that the Sixth Circuit's practice requiring objections be filed before the magistrate to preserve them for review properly prevented "a litigant from 'sandbagging' the district judge by failing to object and then appealing." *Id.* at 147–48. However, while Franco American's citation tracks with Sixth Circuit conventions, the Ninth Circuit has not adopted a similar practice.

Instead, Ninth Circuit case law does not outright prevent parties from raising new legal arguments before a district court in their properly raised objection(s). *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) ("…we conclude that a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate

---

[2] Franco American further argues that Carrasco-Gonzalez failed to comply with FED. R. CIV. P. 72 by not arranging for a transcript of the evidentiary hearing held on August 31, 2021. *See* FED. R. CIV. P. 72(b)(2) ("[u]nless the district judge orders otherwise, the objecting party *must* promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient.") (emphasis added). The Court finds that for the purposes of this Order, the record as it stands is sufficient because Carrasco-Gonzalez's objections pertain to the declarations and deposition testimony of the current employees as opposed to the evidentiary hearing testimony. *See also Raddatz*, 447 U.S. at 681 (reiterating that § 636(b)(1) grants the district court broad discretion to accept the evidentiary findings of the magistrate).

4

judge's recommendation."). Preservation issues mostly arise when a party fails to object to a magistrate's final report and recommendation and subsequently appeals to the Ninth Circuit. *See Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir.1983) ("[t]he language of [28 U.S.C. § 636(b)(1)] does not indicate that failure to object to a magistrate's recommendation will be an absolute bar to appeal from the district court's decision."), *overruled on other grounds*, *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121–22 (9th Cir.2003) (en banc); *But cf. McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir.1980) (holding that waiver is appropriate where a party's failure to object to the magistrate judge's conclusions of law was coupled with its failure to raise the objection until its reply brief). Furthermore, Rule 72 does not include a provision that states failure to raise certain legal arguments before the magistrate will constitute waiver of appeal to the district court. Thus, in this matter, review of Carrasco-Gonzalez's first objection regarding the evidentiary standard is appropriate as the objection arose in a timely manner after Judge Cobb's final report and recommendation.

Turning to the substance of Carrasco-Gonzalez's first objection, the parties dispute whether Judge Cobb erred by finding that sanctions under FED. R. CIV. P. 37(b) should be supported by a preponderance of the evidence rather than clear and convincing evidence. The Ninth Circuit has not ruled on this issue, and district courts in the Circuit appear to have split on the question. *Compare, e.g.*, *OmniGen Research v. Yongqiang Wang,* 321 F.R.D. 367, 372 (D. Or. 2017) (applying preponderance of evidence standard) *with, e.g.*, *Hynix Semiconductor Inc. v. Rambus Inc.,* 897 F. Supp. 2d 939, 978 (N.D. Cal. 2012) (applying clear and convincing standard). Turning to the Seventh Circuit, Judge Cobb found the preponderance of the evidence standard appropriate when a party seeks dismissal of a lawsuit as a sanction for misconduct occurring in civil litigation. *See* ECF No. 49 at 5 (citing *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 777 (7th Cir. 2016) (holding that the preponderance of evidence standard should apply to terminating sanctions)).

While the Court recognizes that this issue is not clear-cut without binding Ninth Circuit precedent, the Court nevertheless finds the reasoning adopted by Judge Cobb in *Ramirez* persuasive. In *Ramirez*, the Seventh Circuit considered how rare exceptions to the preponderance standard actually are unless a statute, a rule, or the Constitution requires otherwise. 845 F.3d at

777–78 (discussing the Supreme Court's repeated rejection of more demanding evidentiary burdens in the civil setting) (citations omitted). The Seventh Circuit held that "[t]he interests implicated by the dismissal of a suit as a sanction for misconduct occurring in civil litigation (including discovery) are not so important as to demand that the fact underlying the dismissal are established by clear and convincing evidence." *Id.* This logic, coupled with the fact that Rule 37 is silent as to a standard for sanctions, supports the conclusion that the preponderance of evidence standard is appropriate. Accordingly, the Court agrees with Judge Cobb's analysis and adopts it.

### B. Credibility of Current Employees' Testimony

Carrasco-Gonzalez argues that Judge Cobb erred in his credibility assessment of the current employees' statements that Carrasco-Gonzalez offered them money in exchange for their testimony against Franco American. Judge Cobb found that the current employees—Ubaldo Gomez Franco, Guadalupe Sanchez Alameda, and Manuel Tabares—were all credible based on their signed declarations/affidavits, deposition testimony, and testimony at the evidentiary hearing. In his objection to the R&R, Carrasco-Gonzalez argues that Judge Cobb failed to consider seven factors which, according to him, show that the declarations were all obtained under highly questionable circumstances. ECF No. 50 at 5–6. These factors are: (1) that the declarations were prepared by Gant before interviewing the current employees; (2) that the declarations were prepared by Gant using a translation app; (3) that the declarations are nearly identical in their verbiage; (4) that the declarations signed in the presence of the notary were not written in Spanish, nor were they translated in Spanish to the current employees (some of whom could not read English) before they signed them; (5) that defense counsel was not involved in the creation or execution of the declarations; (6) that an economic power disparity exists between the current employees and Gant; and (7) that one current employee recanted his declaration. *Id.*

A magistrate's proposed findings on witness credibility are granted weighted deference compared to other proposed findings contained within a report and recommendation. *See Raddatz*, 447 U.S. at 681 n.7 (1980) ("…it is unlikely that a district judge would *reject* a magistrate's proposed findings on credibility when those findings are dispositive and substitute the judge's own appraisal…"). As such, a district court's own appraisal of credibility should not replace a

magistrate judge's unless the district court conducts its own evidentiary hearing. *See United States v. Bergera*, 512 F.2d 391, 392 (9th Cir. 1975) ("[t]he district court should not lightly disregard recommendations made from first-hand knowledge of relevant evidence.").

Having read the report and recommendation and Carrasco-Gonzalez's subsequent objections, the Court finds no reason to disagree with Judge Cobb's credibility determinations. Three of the current employees—Ubaldo Gomez Franco, Guadalupe Sanchez Alameda, and Manuel Tabares—signed declarations, testified in their depositions, and testified at the evidentiary hearing that Carrasco-Gonzalez offered them money in exchange for favorable testimony against Franco American. ECF Nos. 40-1 at 1–7; 40-2 at 1–9; 40-3 at 8; 40-4 at 1–8 (declaration and deposition testimony). Judge Cobb found each of the current employees credible and weighed their testimony against Carrasco-Gonzalez's testimony and evidence. ECF No. 49 at 11. And despite the seven factors cited by Carrasco-Gonzalez in his objection to the current employee's credibility, Judge Cobb appears to have already addressed a majority these factors within his report and recommendation.[3]

Specifically, Carrasco-Gonzalez's cited factors summarly argue that the Spanish-speaking current employees did not understand the declarations, and that there was a power imbalance between them and Gant which led them to sign the declarations. However, Judge Cobb articulated in his report and recommendation that "Ubaldo Gomez Franco, Guadalupe Sanchez Alamed, and Manuel Tabares each testified that the declaration/affidavit was presented to them in Spanish and in English, that they had a chance to review it and understood it, that it was accurate, and they signed it voluntarily." ECF No. 49 at 8. Indeed, in reviewing the record, each of the current employee's deposition testimony regarding the declarations supports this conclusion. *See* ECF No. 50-1 at 6 (confirming that Ubaldo Gomez Franco readily understood the contents of the declaration in English); ECF No. 50-2 (confirming that Manuel Tabares was "fairly fluent" in English and understood what was contained within the declaration); ECF No. 50-6 (confirming that Guadalupe

---

[3] The only factor which Judge Cobb did not address, either directly or indirectly, was the fact that defense counsel was not involved in the gathering of the declarations which, according to Carrasco-Gonzalez, indicates Gant's intent to compile fraudulently obtained declarations. However, the fact that counsel was not present during the gathering of the declarations does not, without more evidence, prove any intentional malfeasance on part of Gant.

7

Sanchez Alameda understood that the declaration stated that "[Carrasco-Gonzalez] asked [him] to lie…and that [Carrasco-Gonzlez] would give [him] 200 to $300 to support him."). In sum, none of the current employees indicated that they failed to grasp what was contained within the declarations nor that they were forced to sign the declarations.

Moreover, Judge Cobb also weighed the fact that one additional current employee—Carias—later renounced his declaration. ECF No. 49 at 10 ("[w]hile one employee, Manuel Carias, ultimately recanted his statement that Carrasco-Gonzalez offered him money, this does not take away from the testimony from the other three employees that Carrasco-Gonzalez did so."). The Court, after a review of declarations and deposition testimony, similarly finds that Carias' retraction, when evaluated against the testimony of the three other current employees, does not indicate that the declarations were dishonestly obtained. Instead, it appears that Carias misunderstood that the declaration was solely about his personal experience and not that of other employees. This is bolstered by the fact that Carias later testified in his deposition that he heard from another current employee that Carrasco-Gonzalez offered to pay them money for favorable testimony. ECF No. 50-3 at 5.

Accordingly, finding no additional evidence within the record that cuts against Judge Cobb's assessment on credibility, the Court finds no reason to hold an additional evidentiary hearing or disregard Judge Cobb's recommendations made from his first-hand knowledge of the relevant evidence.

### C.  Evidence of Sanctionable Conduct

Carrasco-Gonzalez, in his final objection, argues that Franco American's motion for sanctions should be denied because the evidence does not support a finding that he offered the current employees money in exchange for favorable testimony. ECF No. 50 at 10.

After a review of the record, the Court finds that the evidence presented to Judge Cobb was sufficient to support a finding by the preponderance of the evidence that Carrasco-Gonzalez engaged in witness tampering. Three current employees—Ubaldo Gomez Franco, Guadalupe Sanchez Alameda, and Manuel Tabares—through signed declarations, deposition testimony, and evidentiary hearing testimony all confirmed that Carrasco-Gonzalez offered them money in

1  exchange for favorable testimony against Franco American. And while Carrasco-Gonzalez
2  contests the credibility of their testimony, he did not present any material evidence to support his
3  own credibility assessments.[4] Instead, all three current employees clearly testified that they
4  understood the contents of the declarations, that it was accurate, and that they signed it. *See* ECF
5  Nos. 50-1, 50-2, 50-6 (deposition testimony). Moreover, Carias' renouncement of his signed
6  declaration does not diminish the weight of the other current employees' declarations as Carias
7  did confirm that he heard from another employee that Carrasco-Gonzalez had offered to pay other
8  employees money for their testimony. ECF No. 40-1 at 5.
9        Accordingly, the Court finds that it is more likely true than not true that Carrasco-Gonzalez
10 offered Ubaldo Gomez Franco, Guadalupe Sanchez Alameda, and Manuel Tabares money in
11 exchange for favorable testimony against Franco American.
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

---

[4] The Court also reviewed Carrasco-Gonzalez's declaration and deposition in which he denied that he had ever offered anyone money in exchange for their testimony, as well as the deposition transcripts of former employees who expressed that Carrasco-Gonzalez's counsel and the other plaintiff, Hernandez, did not offer them money for their testimony. *Se* ECF Nos. 40-9, ECF No. 38-10, 40-5, 40-6, and 38-3. These declarations and depositions do not outright undermine the testimony of the three current employees.

### IV. CONCLUSION

The Court has conducted its *de novo* review in this Case, has fully considered the objections of Carrasco-Gonzalez, the pleadings and briefings of the parties and other relevant matters of record pursuant to 28 U.S.C. § 636(b)(1). The Court determines that Judge Cobb's report and recommendation entered on September 3, 2021, should be adopted and accepted. Carrasco-Gonzlaez's objections on the matter are overruled.

IT IS THEREFORE ORDERED that the report and recommendation (ECF No. 49) is adopted and accepted, and Carrasco-Gonzalez's objections (ECF No. 50) are **OVERRULED**.

IT IS FURTHER ORDERED that Franco American's motion for sanctions (ECF No. 38) is **GRANTED.**

IT IS FURTHER ORDERED that Carrasco-Gonzalez's claims are **DISMISSED WITH PREJUDICE**.

IT IS FURTHER ORDERED that Franco American's request for fees and costs as a sanction is **DENIED**.

IT IS SO ORDERED.

DATED this 21st day of December, 2021.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE