UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| YONATHAN HERNANDEZ & CUBERTO CARRASCO-GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>FRANCO AMERICAN BAKING COMPANY,<br><br>Defendant. | Case No. 3:20-cv-00628-LRH-CSD<br><br>ORDER |
|---|---|

Before the Court is Defendant Franco American Baking Company's ("Franco American") motion for certification of final judgment as to Plaintiff Cuberto Carrasco-Gonzalez' ("Carrasco-Gonzalez") claims under FED. R. CIV. P. 54(b) (ECF No. 60). Carrasco-Gonzalez filed a response (ECF No. 61) to which Franco American replied (ECF No. 62).[1] Carrasco-Gonzalez also filed a motion for leave to supplement his response (ECF No. 63). Franco American filed an opposition to the motion (ECF No. 65) to which Carrasco-Gonzalez replied (ECF No. 66). For the reasons articulated below, the Court will grant Franco American's motion for certification of final judgment and deny Carrasco-Gonzalez' motion for leave to supplement his response.

---

[1] In its reply, Franco American seeks to strike aspects of Carrasco-Gonzalez' response under FED. R. CIV. P. 12(f) because of "inflammatory, scandalous, disparaging, and untrue statements regarding Mr. Tim Gant, the Defendant's president." ECF No. 62 at 5. Carrasco-Gonzalez presents similar allegations regarding Tim Gant in his motion for leave to supplement his response. The Court does not find that new factual allegations concerning Tim Gant, however inflammatory, are relevant to the resolution of the instant motion for entry of final judgment as they pertain only to this Court's dismissal of Carrasco-Gonzalez' claims and not Hernandez' claims. Therefore, the Court will deny Franco American's request to strike aspects of Carrasco-Gonzalez' response and will deny Carrasco-Gonzalez' motion for leave to supplement its response.

1

I.   BACKGROUND

After receiving evidence that Carrasco-Gonzalez offered money to his coworkers for favorable testimony, Franco American filed its initial motion for sanctions against both Yonathan Hernandez ("Hernandez") and Carrasco-Gonzalez on May 12, 2021 seeking dismissal of their claims. ECF No. 24. The Magistrate Judge ("Judge Cobb") denied the motion with prejudice as to Hernandez but without prejudice as to Carrasco-Gonzalez. ECF No. 32. Depositions were taken between July 7, 2021 and July 22, 2021 and Franco American filed its renewed motion for sanctions on August 6, 2021. ECF No. 38. On August 31, 2021, Judge Cobb held an evidentiary hearing on the matter and heard testimony from various witnesses regarding the alleged sanctionable conduct. ECF No. 48. Notably, Carrasco-Gonzalez failed to appear at the hearing. *Id.* On September 3, 2021, Judge Cobb issued a report and recommendation with the conclusion that the motion for sanctions be granted and that Carrasco-Gonzalez' claims be dismissed with prejudice. ECF No. 49. In the report and recommendation, Judge Cobb found that "…three witnesses unequivocally stated in declarations/affidavits, deposition testimony and at the evidentiary hearing that Carrasco-Gonzalez offered them money in exchange for testimony against Franco-American." *Id.* at 10. On September 15, 2021, Carrasco-Gonzalez filed objections to the report and recommendation (ECF No. 50), and on December 21, 2021, this Court overruled the objections and adopted and accepted the report and recommendation. ECF No. 54.

Now, following that order, Franco American moves this Court for certification of final judgment as to Carrasco-Gonzalez' claims set forth in his second amended complaint.

II.   DISCUSSION

Federal Rule of Civil Procedure 54(b) permits district courts to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties" prior to the final disposition of all claims against all parties. Judgment under this rule is appropriate where there are distinct and severable claims and where immediate review of the adjudicated claims will not result in later duplicative proceedings at the trial or appellate level. *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878–89 (9th Cir. 2005). Conversely, partial judgment under Rule 54(b) is inappropriate in routine cases where the risk of "multiplying the number of proceedings and of overcrowding the appellate

docket" outweighs "pressing needs . . . for an early judgment." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). "A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases, a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result . . . ." *Id.*

An entry of final judgment is warranted in this case. Franco American's motion for sanctions and this Court's subsequent order raised sufficiently factually dissimilar issues than those contained within Hernandez' claims. Specifically, Judge Cobb found, following an evidentiary hearing, that it was "more likely true than not true that Carrasco-Gonzalez offered [his coworkers] money in exchange for favorable testimony against Franco American." ECF No. 54 at 9. The appropriate remedy for such improper actions was to dismiss Carrasco-Gonzalez' claims with prejudice. *See Anheuser-Busch, Inv. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (describing the five factors a district court must weigh before imposing the harsh sanction of dismissal.). Any potential legal and factual issues related to the sanctionable conduct and dismissal have no bearing on Hernandez' claims in this case and therefore will not create the risk of "multiplying the number of proceedings and of overcrowding the appellate docket…" *Morrison-Knudsen Co v. Archer*, 655 F.3d at 965. Accordingly, the Court will grant Franco American's motion for entry of final judgment.

### III.    CONCLUSION

IT IS THEREFORE ORDERED that Franco American's motion for entry of final judgment under FRCP 54(b) (ECF No. 60) is **GRANTED**. The Clerk of Court shall enter judgment in favor of Franco American in this matter as to Carrasco-Gonzalez. This Court finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay.

IT IS FURTHER ORDERED that Carrasco-Gonzalez' motion for leave of court to supplement (ECF No. 63) is **DENIED**.

IT IS SO ORDERED.

DATED this 21st day of June, 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE